UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CARA ELLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No.: 4:22-cv-1295 |
| | ) | |
| BRANDON FRIEDLANDER, and | ) | **JURY TRIAL DEMANDED** |
| BENNETT INTERNATIONAL GROUP, | ) | |
| LLC, | ) | Missouri Circuit Court for Scott County |
| | ) | Missouri Case No. 22SO-CV01297 |
| Defendants. | ) | |

## **DEFENDANT BENNETT INTERNATIONAL GROUP, LLC'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C § 1441, et seq., Defendant Bennett International Group, LLC files its Notice of Removal of this lawsuit originally filed in the Missouri Circuit Court for Scott County, and in support of this Notice states:

1. This is a civil action over which this Court has original subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 *et seq*.

2. Plaintiff's Petition asserts allegations of negligence that arise out of a motor vehicle accident that occurred on March 26, 2018 in Scott County, Missouri and is a controversy between citizens of different states. (Ex. A, Plaintiff's Petition).

3. "Diversity jurisdiction requires complete diversity of citizenship, meaning 'no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" *Hammond v. Patterson Auto Sales, Inc.*, 2014 WL 6463351 at *2 (E.D. Mo. Nov. 17, 2014). "To establish complete diversity of citizenship, a complaint (or notice of removal) must include factual allegations of each party's state of citizenship." *Id.* "Whenever federal jurisdiction in a removal

1

case depends on complete diversity, diversity is determined from the fact of citizenship of the named parties and not from the fact of service." *Hrastich v. Advance Auto Parts, Inc.*, No. 4:14-CV-22-JAR, 2014 WL 3341121 at *1 (E.D. Mo. July 8, 2014).

4.Plaintiff Cara Ellison pleads she is currently, and has been, a resident of Missouri at all times material hereto. (*See* Ex. A, ¶4).  Matters alleged in the complaint are binding admissions. *Worley v. Celebrate Children Int'l, Inc.*, No. 1:16-CV-96, 2016 WL 6777899, at *2 (E.D. Mo. Nov. 16, 2016) (citing *Missouri Housing Develp. Com'n v. Brice*, 919 F.2d 1306, 1315 (8th Cir. 1990). Plaintiff's Petition does not assert Plaintiff's state of citizenship.

5."Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely." *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). "The district court's determination of citizenship for the purpose of diversity is a mixed question of law and fact, but mainly fact." *Id.* (internal quotations omitted).

6.Upon information and belief, on or about March 26, 2018, Plaintiff Cara Ellison advised the Sikeston Department of Public Safety that her address was in New Madrid, Missouri. (Ex. B, Crash Report, p. 5).  Upon information and belief, as of October 24, 2018, Plaintiff Cara Ellison's address was still located in New Madrid, Missouri.  (Ex. C, Redacted Billing Record of Cara Ellison).

7.The totality of the circumstances shown in the attached exhibits demonstrate that 1) Plaintiff alleges she currently resides in the State of Missouri as of 2022; 2) Plaintiff alleges she resided in the state of Missouri at all times material to this matter; 3) Plaintiff provided a Missouri residence to law enforcement in March of 2018; and 4) Plaintiff provided a Missouri residence to a medical provider in October of 2018.  These facts show that Plaintiff has the intent to remain in

the State of Missouri indefinitely. Thus, Plaintiff is domiciled in the State of Missouri and is therefore a citizen of the State of Missouri.

8. Plaintiff alleges that Co-Defendant Brandon Friedlander is a resident of Kentucky. Defendant Brandon Friedlander is represented by the same undersigned counsel and is a citizen of the State of Kentucky. (Ex. D, Declaration of Brandon Friedlander).

9. Plaintiff has correctly pled that Defendant Bennett Truck Transport, LLC's principal place of business is located in McDonough, Henry County, Georgia. (*See* Ex. A, ¶7).

10. "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) (internal citations omitted). A Defendant LLC must allege facts as to the state(s) of citizenship of all of its members, and its member's members, both at the time of filing and of removal. *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014). To establish diversity jurisdiction over a trust, the court must look to the citizenship of the trustees. *Alper v. Marsh, USA, Inc.*, No. 418 CV 378 CDP, 2018 U.S. Dist. LEXIS 60514, at *6 (E.D. Mo. Apr. 10, 2018).

11. Plaintiff's Petition was filed on October 10, 2022. (*See* Ex. A).

12. At the time of filing and the time of removal, Defendant Bennett International Group, LLC was a citizen of the States of Wyoming, Georgia, and South Carolina for diversity jurisdiction. (*See* Ex. E, Affidavit of Grant Brooker).[1]

13. As shown in the affidavit regarding Bennett International Group, LLC's members, Bennett International Group, LLC, is a citizen of the States of Wyoming, Georgia, and South Carolina. Therefore, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. *Lincoln*

---

[1] Bennett International Group, LLC is incorrectly named as a Defendant. Bennett Truck Transport, LLC is the correct Defendant. Bennett International Group, LLC and Bennett Truck Transport, LLC have the same states of citizenship for the purposes of diversity jurisdiction, as outlined in the affidavit.

*Property Co. v. Roche*, 546 U.S. 81, 82 (2005) (holding that defendant may remove an action on the basis of diversity if there is complete diversity between all named parties and no defendant is a citizen of the forum state).

14. Federal Courts "shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

15. Typically "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). "However, where the plaintiff does not demand a specific sum, the federal court may retain jurisdiction if defendant proves by the preponderance of the evidence, that the amount in controversy exceeds $75,000." *Pleasant v. Noble Finance Corp.*, 54 F. Supp. 3d 1071, 1076 (W.D. Mo. 2014). Plaintiff's Petition seeks damages in excess of $25,000.00, but does not provide a specific amount. (Ex. A, ¶19).

16. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, because Plaintiff's counsel made a pre-suit settlement demand wherein Plaintiff's counsel claimed that Ms. Ellison incurred over $350,541.35 in medical expenses and demanded $1,500,000 for settlement. (Ex. F, Redacted September 18, 2019 Letter from John Wilbers). Plaintiff's Petition seeks damages for injuries which are "permanent, disabling and progressive." (Ex. A, ¶16). Plaintiff's Petition also seeks damages for loss of earning capacity. (*Id.*, ¶18). While a pre-suit settlement demand is not dispositive of the amount in controversy, a settlement demand is relevant to determining the amount in controversy. *Gramc v. Miller Elevator Co./Schindler Enters.*, 3 F. Supp.2d 1082, 1084 (E.D. Mo. 1998).

17. The amount in controversy exceeds $75,000.00, exclusive of interests and costs, based on Plaintiff's counsel's demand regarding Plaintiff's medical bills and economic damages.

4

In determining whether the amount in controversy requirement of diversity jurisdiction is satisfied, the question is not whether the damages are greater than the requisite amount, but "whether a fact finder might legally conclude that they are." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

18. This civil action is between citizens of the States of Missouri, Kentucky, Wyoming, Georgia, and South Carolina. Further the amount in controversy exceeds $75,000.00 exclusive of interests and costs. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

19. Defendant Bennett International Group, LLC received a copy of Plaintiff's summons and petition on November 4, 2022. Pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C), this Notice of Removal is timely filed within 30 days after receipt of the Summons and Petition. *Quinlan v. Party City Corp.*, No. 4:19 CV 163 CDP, 2019 U.S. Dist. LEXIS 63267, at *4 (E.D. Mo. Apr. 12, 2019).

20. Upon information and belief, Co-Defendant Brandon Friedlander was served with process on November 26, 2022. Co-Defendant Brandon Friedlander is represented by the same undersigned counsel, and consents to the removal of this case to Federal Court.

21. Venue is proper in this Court pursuant to 28 U.S.C. § 1441 and E.D.Mo. L.R. 2.07(A)(3) because this action was originally filed in Scott County, Missouri, which is included in this Court's judicial area.

22. Attached as Exhibit G is a true and correct copy of all process, papers, exhibits, pleadings and orders filed with the state court in this action.

23. Attached as Exhibit H is the Eastern District Court of Missouri Cover Sheet.

24. Attached as Exhibit I is the Eastern District Court of Missouri Original Filing Form.

WHEREFORE, Defendant Bennett International Group, LLC prays that the above-captioned matter be removed from the Missouri Circuit Court of Scott County.

/s/ Joseph R. Swift
Joseph R. Swift #37241
BAKER STERCHI COWDEN & RICE, LLC
100 North Broadway, 21st Floor
St. Louis, MO 63102
314-345-5000
jswift@bakersterchi.com
*Attorneys for Defendant Bennett International Group, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing pleading was sent via email on this 2nd day of December 2022, on the counsel listed below.

John L. Wilbers
The Wilbers Law Firm, LLC
130 S. Bemiston, Suite 406
St. Louis, MO 63105
filings@thewilberslawfirm.com
*Attorney for Plaintiff*

/s/ Joseph R. Swift